UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY SLAUGHTER,

                          Plaintiff,

    -v-                                   5:19-CV-305
                                         (DNH/TWD)

COLIN MAHAR, Police Officer, Syracuse
Police Department,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

JERRY SLAUGHTER
Plaintiff pro se
18-B-2881
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

DAVID N. HURD
United States District Judge

## DECISION and ORDER

       Pro se plaintiff Jerry Slaughter brought this civil rights action pursuant to 42 U.S.C. § 1983. On May 6, 2019, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, advised by Report-Recommendation that plaintiff's witness tampering claim be dismissed with prejudice; his Fourteenth Amendment stigma plus claim under § 1983 and his state law defamation claim be dismissed with leave to amend; and his Fourth Amendment false arrest claim survive initial review and defendant be required to file a response to the

false arrest claim. No objections to the Report-Recommendation have been filed however, on May 20, 2019, plaintiff filed an amended complaint. Though premature and filed before the adoption of the Report-Recommendation, it will be considered at this time.

First, based upon a careful review of the entire file and the recommendations of the Magistrate Judge, the Report-Recommendation is accepted in whole. See 28 U.S.C. § 636(b)(1).

An initial review of the amended complaint shows that plaintiff has failed to cure the deficiencies identified by Magistrate Judge Dancks. At the outset, it is noted that plaintiff attempts to replead his witness tampering claim which Magistrate Judge Dancks recommended be dismissed with prejudice, as federal criminal law provides no private right of action for such a claim. Further, Judge Dancks advised that plaintiff not attempt to reassert in his amended complaint, any claim that has been dismissed with prejudice.

With respect to plaintiff's state law defamation claim, he asserts that "[b]ased on the Plaintiffs [sic] false arrest, Syracuse.com posted this on facebook. Syracuse.com/ Facebook is [sic] third parties." Am. Compl. ¶ 4. First, it is noted that neither Syracuse.com nor Facebook are defendants in this matter. Plaintiff has failed to allege any defamatory statement of fact, made by defendant, that was false. See Alexander v. City of Syracuse, No. 5:17-CV-1195, 2018 WL 6591426, at *7 (N.D.N.Y. Dec. 13, 2018). He alleges that Syracuse.com and Facebook published the fact that he was arrested, however he does not dispute that he was actually arrested on September 1, 2017 and thus does not allege that this statement was false, nor does he allege that defendant Colin Mahar made this

statement. Accordingly, plaintiff's state law defamation claim fails to state a claim and as he was already given an opportunity to amend, this claim will be dismissed with prejudice.[1]

As plaintiff has failed to cure any of the defects identified in the Report-Recommendation, the only claim that survives initial review is his Fourth Amendment false arrest claim. The amended complaint will therefore not be accepted for filing and plaintiff's initial complaint will remain the operative pleading in this matter.

Therefore, it is

ORDERED that

1. Plaintiff's state law defamation claim is DISMISSED WITH PREJUDICE;

2. To the extent plaintiff attempts to assert a stigma plus claim under 42 U.S.C. § 1983, that claim is DISMISSED WITH PREJUDICE;

3. The amended complaint is not accepted for filing. The parties shall proceed with plaintiff's initial complaint and deem stricken those claims that have been dismissed; and

4. The Clerk is directed to issue a summons and forward to the U.S. Marshals for service.

IT IS SO ORDERED.

_____
United States District Judge

Dated: July 31, 2019
        Utica, New York.

---

[1] It does not appear that plaintiff attempted to replead his Fourteenth Amendment stigma plus claim under § 1983, but to the extent he did, that claim fails for the same reasons identified in the Report-Recommendation.